**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001386
23-JUN-2015
08:38 AM**

NO. CAAP-14-0001386

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

TODD ATHERTON PERKINS, Plaintiff-Appellee, v.
TAMMY ASH PERKINS, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 11-1-0086)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Tammy Ash Perkins's (Appellant Tammy Perkins) appeal in appellate court case number CAAP-14-0001386 from the Honorable Lloyd A. Poelman's November 26, 2014 post-judgment order denying Appellant Tammy Perkins's November 24, 2014 post-judgment motion for court-appointed counsel, because the November 26, 2014 post-judgment order is not a final order appealable under Hawaii Revised Statutes (HRS) § 571-54 (2006).

"An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54. In circuit court cases, aggrieved parties may appeal from

"final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2014). In light of the family court's prior entry of the September 26, 2012 divorce decree in this case, the instant case involves a post-judgment proceeding for Plaintiff-Appellee Todd Atherton Perkins's (Appellee Todd Perkins) September 8, 2014 motion for post-decree relief regarding various visitation issues. "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001). In other words, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. (citation omitted).

In the instant case, the family court has utilized multiple post-judgment orders to adjudicate multiple issues during the post-judgment proceeding for Appellee Todd Perkins's September 8, 2014 motion for post-decree relief regarding various visitation issues. The family court entered an October 1, 2014 post-judgment order to adjudicate some, but not all, of the issues in Appellee Todd Perkins's September 8, 2014 motion for post-decree relief, but, in paragraphs 5 and 6 on page 4 of that October 1, 2014 post-judgment order, the family court expressly

-2-

directs the parties to participate in mediation regarding certain remaining issues, and the family court scheduled a hearing regarding the mediation for March 30, 2015. The subject of this appeal, namely the November 26, 2014 post-judgment order denying Appellant Tammy Perkins's November 24, 2014 post-judgment motion for court-appointed counsel, is just one post-judgment order in the series of multiple post-judgment orders that the family court is utilizing to adjudicate the various issues in Appellee Todd Perkins's September 8, 2014 motion for post-decree relief. The October 1, 2014 post-judgment order and the November 26, 2014 post-judgment order would become eligible for appellate review by way of a timely appeal from the family court's post-judgment order that finally determines the remaining issues and ends this post-judgment proceeding, based on the principle that,

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted). When the family court enters a final post-judgment order that finally determines the remaining issues of Appellee Todd Perkins's September 8, 2014 motion for post-decree relief, then a timely appeal from that post-judgment order would entitle an aggrieved party to assert a timely appeal for the review of the entire series of post-judgment orders in this post-judgment proceeding. Cook v. Surety Life Insurance Company, 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995) (citations omitted); see also Riethbrock v. Lange,

128 Hawai'i 1, 17, 282 P.3d 543, 560 (2012). The record on appeal does not contain a post-judgment order that finally determines the remaining issues of Appellee Todd Perkins's September 8, 2014 motion for post-decree relief. Absent an appealable post-judgment order, Appellant Tammy Perkins's appeal in appellate court case number CAAP-14-0001386 is premature, and we lack appellate jurisdiction.

The November 26, 2014 post-judgment order denying Appellant Tammy Perkins's November 24, 2014 post-judgment motion for court-appointed counsel does not satisfy all three requirements of the collateral order doctrine for appealability. Cf. Gomes v. Kauwe's Heirs, 52 Haw. 126, 127, 472 P.2d 119, 120 (1970) (holding than an order denying a motion to disqualify counsel does not qualify for appealability under the collateral order doctrine); Chuck v. St. Paul Fire and Marine Ins. Co., 61 Haw. 552, 556-57, 606 P.2d at 1323-24 (1980) (holding that a motion granting a motion to disqualify counsel does not qualify for appealability under the collateral order doctrine). Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001386 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 23, 2015.

Chief Judge

Associate Judge

Associate Judge

-4-